OPINION OF THE COURT
Lawrence E. Kahn, J.
Plaintiffs have moved for an order renewing a previous *63 decision rendered on January 28, 1992. The underlying litigation seeks declaratory and injunctive relief pursuant to article 7-A of the State Finance Law, with respect to various aspects of the financial and budgetary activities of the State of New York for the 1991-1992 budget and the 1992-1993 budget. In its previous decision, this court granted summary judgment dismissing the complaint, largely upon the ground that the relief then sought by plaintiffs was premature, and that much of the request for relief would inexorably entangle the judiciary in activity that is constitutionally reserved to the Legislature and the executive. Accordingly, this court declined plaintiffs’ request for it to intervene in the budgetary process, citing New York Pub. Interest Research Group v Steingut (40 NY2d 250), for the premise that the judiciary should refrain from directing the other branches of government in how to perform their own constitutional mandates.
As aforesaid, when the previous decision was rendered, no tax and revenue anticipation notes (TRANS) had yet been issued, although the likelihood thereof seemed inevitable. Plaintiffs sought to prospectively direct the other branches of government with respect to resolving budgetary shortfalls. The court declined to do so. However, thereafter, the State of New York actually offered for public sale, 1991-1992 tax and revenue anticipation notes in the total sum of $531,000,000. The "Official Statement” of the State of New York relating to the issuance and sale provides that: "The Notes are being issued to finance the General Fund cash basis operating deficit projected to be incurred by the State in the 1991-1992 fiscal year ending March 31, 1992 and are to be paid from taxes and revenues anticipated to be received in the State’s 1992-1993 fiscal year * * * As of the date of this Official Statement, the State has not adopted a budget for its 1992-1993 fiscal year * * * The State anticipates that it will have sufficient taxes and revenues to pay the Notes when due and, combined with other monies, to make all other State expenditures without incurring a cash deficit for the 1992-1993 fiscal year and without rolling over any of the Notes into the succeeding fiscal year.”
The above-quoted language is necessary, even if only to pay "lip service” to the principle that " 'rollovers’ of revenue and tax anticipation notes are not consonant with constitutional limitations or their spirit” (Wein v State of New York, 39 NY2d 136, 149 [Wein I]). Significantly, particularly with respect to the instant motion to renew, the $531,000,000 TRAN, *64 issued after this court’s previous decision, acknowledges that it is a deficit TRAN, as opposed to a spring borrowing TRAN. This difference is crucial in determining the constitutionality of its issuance. The Court of Appeals, in Wein v Carey (41 NY2d 498 [Wein II]), specifically determined that TRANS, issued in the spring of each year after a budget has been passed which contains a presumptively honest assessment of revenues and expenditures, are prima facie constitutional. However, in the issuance of this deficit TRANS, there was no budget adopted for the 1992-1993 fiscal year, and as such, by definition, these deficit TRANS were not utilized to balance an inbalanced budget pursuant to any estimates whatsoever.* Indeed, the announcement itself contains the acknowledgement that: "The State Constitution and the State Finance Law authorize the State to issue the Notes in anticipation of taxes and revenues, but under existing law the State may do so only if, at the time the Notes are issued, the State reasonably anticipates that it will have sufficient taxes and revenues, based on authentic estimates, to pay the Notes and the interest thereon within one year of issuance without creating, directly or indirectly, a cash deficit in the year of repayment * * * There can be no assurance that the Legislature will enact the recommended 1992-93 Executive Budget as proposed nor can there be any assurance that the Legislature will enact a budget for the 1992-93 fiscal year prior to the beginning of the fiscal year.”
Thus, even under the language of the "Official Statement”, it is self-evident that there can be no "reasonable anticipation” of sufficient taxes and revenues when no budget has been enacted for the ensuing fiscal year. The tax and revenue anticipation notes, challenged hereby, were issued on or near the last day of the 1991-1992 fiscal year, when no budget has been enacted for the ensuing fiscal year. Thus, there was no tax or revenue to anticipate with respect to their repayment. Any boiler plate language attempting to justify such fiscal irresponsibility would be the constitutional equivalent of Hans Christian Andersen’s tale of the Emperor’s New Clothes. Regardless of exhortations to the contrary, the king had no clothes, and herein, the State had no budget upon which to *65 reasonably anticipate the existence of sufficient taxes or revenues, in that no fiscal plan had yet been adopted for the 1992-1993 fiscal year.
What occurred here was an unconstitutional rollover of State debt without voter approval. Nothing more, nothing less. This is not a spring borrowing TRAN, the type of which was upheld in Wein II (supra). This is, purely and simply, an attempt to sweep a year-long deficit under the constitutional rug by incurring debt without voter approval.
This court has repeatedly restated its reluctance to interfere with the province of the other branches of government. It has affirmed the principle that the judiciary has no role in the budgetary process. However, it does have a duty to assure that the process conforms to constitutional mandates which may not be circumvented in perpetuity. As Chief Judge Breitel held in Wein I (supra, at 149), there will be "a determinable point, at which an otherwise plausible manipulation may and will be recognized and declared to be the doing indirectly of that which is forbidden to be done directly”. We have reached that point. The 1991-1992 budget was out of balance from its inception until its final hour, without corrective measures of any kind, until the present debt was incurred, all without voter approval. The Constitution cannot be circumvented by even these most sophisticated fiscal machinations.
To the extent that the motion to renew seeks a declaration of unconstitutionality with respect to issuance of the $531,000,000 State of New York 1991-1992 tax and revenue anticipation notes, same shall be granted.
Plaintiffs are directed to submit an order and judgment, on notice, which declares that issuance of the aforesaid TRAN was a violation of the New York State constitutional prohibition against the incurring of debt without voter approval.

 Passage of the Debt-Service Appropriation Act for fiscal year 1992-1993, by the Legislature on March 27, 1992, does not negate this result. This appropriation is not a budget, does not require executive approval and contains no "authentic estimate” of revenues and expenditures for the new fiscal year.