In the Matter of ROBERT L. SCHULZ et al., Respondents-Appellants, v STATE OF NEW YORK et al., Appellants-Respondents.

Third Department, July 9, 1992

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Frank K. Walsh* and *Peter H. Schiff* of counsel), for appellants-respondents.

*Robert L. Schulz,* respondent-appellant *pro se,* and for others, respondents-appellants.

*Martin S. Kaufman* and *Douglas Foster* for Assemblyman George H. Winner, Jr., and others, *amici curiae.*

## OPINION OF THE COURT

YESAWICH JR., J.

In December 1991, plaintiffs commenced this action pursuant to CPLR 3001 and State Finance Law § 123-b seeking, *inter alia,* a declaration that the State's alleged practice of deliberately "maintain[ing] a deficit position by the continuous issuance, retirement and reissuance of temporary [tax and] revenue anticipation notes" (hereinafter TRANs) was unconstitutional. By amended complaint plaintiffs charged that because the 1992-1993 budget had not yet been approved, defendants' use of TRANs, payable through the use of taxes and revenues generated during the 1992-1993 fiscal year to offset the deficit existing at the end of the 1991-1992 fiscal year, was not based upon any "authentic" estimate of revenues and taxes to be generated during fiscal year 1992-1993. According to plaintiffs, defendants were purposefully continuing the budget deficit by issuing TRANs "to close the 1991-1992 deficit which notes are actually needed to replace the revenues used to retire the revenue anticipation notes issued early in 1991"; in short, plaintiffs contend that defendants have violated the State Constitution in that they have intentionally maintained the budget deficit by the technique of "rolling over" or replicating previously incurred short-term debt.

Treating defendants' subsequent motion to dismiss as one for summary judgment pursuant to CPLR 3211 (c), Supreme Court granted the motion and dismissed the complaint, noting that the alleged TRANs had not yet been issued and plaintiffs had not "sustain[ed] their heavy burden to prove dishonesty or fraud in the initial budget estimates". Following the issuance

on March 30, 1992 of TRANs in the amount of $531 million, Supreme Court, over defendants' opposition, granted plaintiffs' motion to renew to the extent that it declared the issuance of the $531 million in TRANs violative of this State's constitutional prohibition against the incurring of debt without voter approval. (152 Misc 2d 62.) Defendants appeal from the judgment entered thereon, contending that the Court of Appeals' decisions in *Wein v Carey* (41 NY2d 498) and *Wein v State of New York* (39 NY2d 136) support the issuance of such TRANs. Plaintiffs cross-appeal from the judgment requesting, *inter alia,* that this court declare the TRANs null and void and direct that they be recalled and refunded. Because plaintiffs have failed to meet their burden of establishing that the 1992-1993 budget estimates were unreasonable or dishonest, Supreme Court erred in declaring the issuance of the $531 million in TRANs unconstitutional and reversal is in order.

NY Constitution, article VII, § 9 authorizes "[t]he state [to] contract debts in anticipation of the receipt of taxes and revenues, direct or indirect, for the purposes and within the amounts of appropriations theretofore made [provided] [n]otes or other obligations for the moneys so borrowed shall be issued as may be provided by law, and shall with the interest thereon be paid from such taxes and revenues *within one year from the date of issue"* (emphasis supplied) *(see,* State Finance Law § 55; *Wein v State of New York, supra,* at 146). The Court of Appeals has made clear that TRANs may be issued "to offset temporary deficits in the fiscal year of issuance", but only if issued " 'in anticipation of the receipt of taxes and revenues'; they may not be issued in anticipation of a budgetary deficit" *(Wein v State of New York, supra,* at 148, quoting NY Const, art VII, § 9). "[I]f it cannot reasonably be anticipated at the time the [TRANs] are issued that the State will have sufficient committed taxes and revenues, based on authentic estimates, to pay the obligations within one year of the date of issue, such borrowing is constitutionally impermissible" *(supra,* at 148). Thus, "if repayment of [TRANs] may only be made by creating, directly or indirectly, a budgetary deficit in the year of repayment, such borrowing is not an anticipation of the receipt of taxes and revenues and thus violates constitutional limitations" *(supra,* at 149).

The central issue on appeal is whether, prior to the adoption of the 1992-1993 budget, the State could reasonably have anticipated that it would have sufficient taxes and revenues in that budget to cover the TRANs issued at the end of fiscal

year 1991-1992. Contrary to the position taken by plaintiffs, *amici* and Supreme Court, we are not persuaded that the fact that the TRANs were issued subsequent to the Governor's proposed 1992-1993 budget but prior to the budget's adoption shifts the formidable burden of proof *(see, Wein v Carey,* 41 NY2d 498, 504-505, *supra)* as to the authenticity of the tax and revenue estimates from plaintiffs, who are attacking the budget plan, to defendants. There being no proof to the contrary, we presume that defendants Governor and State Legislature were well aware of the need to set aside sufficient taxes and revenues to cover repayment of the TRANs within one year from the date they were issued and would provide accordingly in the 1992-1993 budget.

Significantly, plaintiffs have not brought forth any evidence substantiating that the estimates of revenues and expenditures were "dishonest" when the TRANs were issued *(see, Wein v Carey, supra,* at 504). Merely alleging, as plaintiffs have, that the State engages in the practice of issuing deficit TRANs to cure budgetary deficits, as evidenced by the fact that there have been successive deficits or a series of deficit TRANs, is simply not enough *(see, supra).* Moreover, plaintiffs' assertions that the 1991-1992 budget was out of balance from its inception and that there was political gridlock as to how to reduce the deficit and bring the budget into balance do not invalidate the State's presumptively reasonable estimate that there would be sufficient taxes and revenues in the 1992-1993 budget to cover repayment of the TRANs issued at the end of fiscal year 1991-1992. Given, as observed by former Chief Judge Breitel, that even "an indefinite series of deficits [may be] honestly suffered" *(supra,* at 504) and the complete absence of any proof here of any dishonesty in defendants' estimates of revenues and expenditures, Supreme Court wrongly found that the TRANs at issue did not pass constitutional muster. As aptly expressed by Chief Judge Breitel, "[this] does not mean that, in truth, all is as it should be, but only that there has been no showing that it may not be as it should be" *(supra,* at 506). In light of our decision, plaintiffs' cross appeal has been rendered academic.

WEISS, P. J., LEVINE and MAHONEY, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, and it is declared that the issuance of the $531 million in State of New York 1991-1992 tax and revenue anticipation notes has not been shown to be unconstitutional.